**In the Matter of Leo T. BURNS, Jr., Respondent.**

No. 09S00–0612–DI–537.

Supreme Court of Indiana.

. Sept. 24, 2008.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme

Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** *Count I:* In 2004. Respondent represented a criminal defendant who was convicted of five charges after trial and received a 40–year aggregate sentence. Respondent accepted an appointment to represent the defendant on appeal and argued his own ineffectiveness as trial counsel, which will complicate the defendant's further effort to litigate this claim. The Court of Appeals affirmed the defendant's conviction. Although Respondent asserted he promptly sent the defendant a copy of the Court of Appeals' opinion, he offered no proof he had done so. The defendant's subsequent *pro se* petition for rehearing was returned unfiled because it was untimely.

*Count II:* Respondent represented a husband in a dissolution proceeding. Respondent was to prepare two Qualified Domestic Relations Orders ("QDROs") pursuant to the Final Decree of Dissolution dated October 22, 2004. Over the next 11 months, Respondent failed to do so, and he failed to respond to numerous inquiries from his client and opposing counsel about the matter. The QDROs he eventually prepared were defective. The client himself had to complete the steps required for approval of one of the QDROs in September 2005.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

- 1.1: Failure to provide competent representation.
- 1.3: Failure to act with reasonable diligence and promptness.

- 1.4(a): Failure to keep a client reasonably informed about the status of a matter and respond promptly to reasonable requests for information.
- 1.4(a)(1): Failure to promptly inform the client of any decision or circumstance with respect to which the client's informed consent is required.
- 1.4(b): Failing to explain matter to extent reasonable necessary to permit client to make informed decisions.
- 1.7(b): Representing a client when limited by his own interests.
- 1.16(a): Accepting appointment as appellate counsel when the representation resulted in violation of the Rules of Professional Conduct.

**Discipline:** The parties agree the appropriate sanction is a public reprimand. The Court, having considered the submission of the parties, now approves the agreed discipline.

For Respondent's professional misconduct the Court imposes **a public reprimand.** The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Court directs the Clerk to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d), and to Thomson/West for publication in the bound volumes of this Court's decisions.

All Justice concur.